UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                     Case No. 07-20365
                                             Honorable Thomas L. Ludington

v.

MICHAEL SORRELL,

    Defendant.
_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

On July 25, 2007, an indictment was returned against Defendant Michael Sorrell charging him with one count of conspiracy to distribute 50 grams or more of cocaine base in the form of crack cocaine. ECF No. 1 at PageID.1.

On August 17, 2007, the Government filed a Notice of Penalty Enhancement that Defendant was previously convicted of felony drug offenses. ECF No. 11; PSR ¶ 62. Accordingly, Defendant would receive a sentence of life imprisonment pursuant to 21 U.S.C. §841(b)(1)(A). The parties subsequently entered into a Rule 11 Plea Agreement which provided that Defendant would plead guilty to the count of conspiracy to distribute cocaine base. Defendant agreed that he was responsible for "at least 500 grams but less than 1.5 kilograms of crack cocaine, during the life of the conspiracy." ECF No. 17 at 3. The Plea Agreement further provided that

> The Court must impose a sentence of Life Imprisonment on Count One, unless the Penalty Enhancement Information, filed pursuant to 21 U.S.C. §851, is amended…If such an amendment occurs, the court will be required to impose a sentence of twenty years' imprisonment.

*Id.* at 5. The Government subsequently amended its notice of penalty enhancement pursuant to 21 U.S.C. § 851 to reflect only one prior felony drug conviction. ECF No. 18.

Because Defendant had at least two prior qualifying convictions for controlled substance offenses, he was classified as a career offender under U.S.S.G. § 4B1.1, and his offense level was 37. With a three-level reduction for acceptance of responsibility, Defendant's total offense level was 34 with a criminal history category VI, resulting in a guideline range of 262 to 327 months. PSR ¶29, 42, 84. At the sentencing hearing on March 18, 2010, the Court adopted the guideline range in the presentence report and imposed a custodial sentence of 262 months to be followed by 10 years of supervised release. ECF No. 19.

On May 1, 2019, Defendant filed a motion for a sentence reduction pursuant to the First Step Act of 2018. ECF No. 29. The government filed a response on May 29, 2019, and Defendant filed a reply on May 31, 2019. ECF Nos. 31-32.

**I.**

Pursuant to Section 404(b) of the First Step Act, "a court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." P.L. 115-391, Section 404(b). In order to be eligible, the petitioner must have been sentenced prior to August 3, 2010 (the date of the enactment of the Fair Sentencing Act) for a "covered offense" as defined in the First Step Act.

As this Court explained in *Brown* (Case No. 07-cr-20195), the Act does not require a plenary resentencing proceeding. *See* P.L. 115-391, Sec. 404(c). ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). Rather, courts have discretion to modify a sentence for eligible Defendants in response to a motion or on the

court's own initiative. *See* P.L. 115-391, Section 404(b). Although the Act does not require a plenary resentencing proceeding, courts nevertheless consider the Section 3553(a) factors to determine whether a sentence modification is warranted. *See e.g. United States v. Boulding*, 2019 WL 2135494, at *6 (W.D. Mich. May 16, 2019); *United States v. Delaney*, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019). Consideration of these factors is also consistent with United States Sentencing Commission's guidance.[1]

## II.

Defendant has a long criminal history which began at age 19. Defendant is now 52 years old with two children ages 21 and 16. At the time of sentencing, he had an arrearage of $19,942.86 in child support. He has a long substance abuse history and was drinking 5 to 6 drinks a day for 10 years prior to his most recent arrest. He claimed to have worked for both Steak & Shake and later Swift Motors, but at the time of Defendant's sentencing, neither company had reports of ever employing Defendant.

Defendant was sentenced on May 22, 2008 for possession with intent to distribute 50 grams or more of cocaine base. Therefore, he is eligible for a reduction under the First Step Act. Because of his status as a career offender under U.S.S.G. § 4B1.1, Defendant's offense level and corresponding guideline range remains unchanged after the First Step Act. His offense level of 34 (base offense level of 37 with a 3-level reduction for acceptance of responsibility) results in a guideline range of 262 to 327 months. Pursuant to Section 841(b)(1)(B) of the Fair Sentencing Act (now retroactively applicable via the First Step Act of 2018), the statutory minimum penalty for career offenders such as Defendant who are convicted of possession of less than 280 but

---

[1] *See* First Step Act, United States Sentencing Commission, Office of Education and Sentencing Practice, 8 (Feb. 2019), https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP- Act.pdf.

more than 28 grams of cocaine base has been reduced from 20 years to 10 years.

The parties stipulate that Defendant's guideline range of 262 to 327 months has not changed, although his statutory mandatory minimum has been reduced from 20 years to 10 years, and his statutory minimum term of supervised release has been reduced from 10 years to 8 years pursuant to 841(b)(1)(B). The parties disagree as to whether, in light of these facts, he is "eligible" for a reduction, and whether a reduction is warranted.

The Court has discretion to reduce Defendant's sentence in this case. Pursuant to the First Step Act "a court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Had the Fair Sentencing Act been in effect at the time the offense was committed, the mandatory minimum sentence would have been 10 years, not 20. Pursuant to Section 3553(a)(3), a Court must consider not only the guideline range but also the statutory minimum and maximum penalties in reaching a sentencing decision. *See United States v. McCloud*, 730 F.3d 600, 610 (6th Cir. 2013) (explaining that consideration of "the kinds of sentences available" under 3553(a)(3) "necessarily includes the statutory minimum and maximum ranges."). The Court was required to consider the statutory minimum when imposing the initial sentence. That minimum has now changed. Accordingly, Defendant is a candidate for a discretionary reduction even though his guideline range has not changed.

In addition to the amended statutory minimum, Defendant's post-sentencing conduct is a relevant consideration when reevaluating his sentence. *See Pepper v. U.S.* 562 U.S. 476 (2011) (holding that post-conviction behavior could be considered in the context of the Section 3553(a) factors during a resentencing following an appeal). Here, Defendant has produced evidence that he has been productive during his time of incarceration. He has taken numerous courses while

incarcerated and has not had any disciplinary infractions. ECF No. 29-3 at PageID.134-135. He included with his motion a memorandum from his supervisor at the furniture factory at the Federal Correctional Institution in Forrest City, AR where Defendant has been employed since July 2016. ECF No. 29-2 at PageID.133. His supervisor describes him as an "energetic, highly motivated achiever" with "a good work attitude and good work ethics." *Id.*

In light of the foregoing, the Court concludes that a reduction is warranted. Defendant's term of imprisonment will be reduced from 262 months to 238 months, and his term of supervised release will be reduced from 10 years to 8 years.

Accordingly, it is **ORDERED** that Defendant's motion for a reduced sentence, ECF No. 29, is **GRANTED** in **PART**.

It is further **ORDERED** that Defendant's sentence is reduced from 262 months to 238 months.

It is further **ORDERED** that Defendant's term of supervised release is reduced from 10 years to 8 years.

The Court will enter a form order entitled "Order Regarding Motion for Sentence Reduction Under the First Step Act of 2018" consistent with this order.

Dated: August 30, 2019                          s/Thomas L. Ludington
                                                                   THOMAS L. LUDINGTON
                                                                    United States District Judge